E618

**Giuliano McDonnell & Perrone, LLP**
**Joseph J. Perrone, Esq.**
**Ari S. Gatoff, Esq.**
**5 Penn Plaza, 23rd Floor**
**New York, New York 10001**
**Telephone: (646) 328-0120**
*Attorneys for Plaintiff*
*DE WELL CONTAINER SHIPPING, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DE WELL CONTAINER SHIPPING, INC.,<br><br>          Plaintiff,<br><br>  - against -<br><br>M/V MAERSK ESSEN *in rem*, JIAMOA INTERNATIONAL SHIP LEASE COMPANY LIMITED, MAERSK A/S, and MSC MEDITERRANEAN SHIPPING CO., S.A.,<br><br>          Defendants. | Case No.:<br><br><br>**COMPLAINT** |

Plaintiff DE WELL CONTAINER SHIPPING, INC. ("DE WELL") by and through its attorneys, Giuliano McDonnell & Perrone, LLP, as and for its complaint against defendants M/V MAERSK ESSEN *in rem*, JIAMOA INTERNATIONAL SHIP LEASE COMPANY LIMITED, MAERSK A/S, and MSC MEDITERRANEAN SHIPPING CO., S.A.., allege upon information and belief:

**JURISDICTION, THE PARTIES, AND VENUE**

1.     This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333, Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure, and Rule 5 of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.     At all relevant times mentioned herein, Plaintiff DE WELL was and still is a corporation organized and existing under the laws of the State of New York with its principal place

E618

of business at One Cross Island Plaza, Suite #302, Rosedale, New York, 11422, and was and is engaged in the business as a non-vessel operating carrier ("NVOCC").

3.      At all relevant times mentioned herein, the *in rem* Defendant, M/V MAERSK ESSEN, was and is a commercial containership registered in Denmark with Official Number D4971 and IMO No. 9456783 and was engaged in transporting goods by sea for hire.

4.      At all relevant times mentioned herein, JIAMOA INTERNATIONAL SHIP LEASE COMPANY LIMITED. ("JIAMOA") was and is a foreign corporation registered in Hong Kong with its principal place of business at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH96960.

5.      At all relevant times mentioned herein, *in rem* Defendant M/V MAERSK ESSEN (the "Vessel"), was and is a container ship owned by JIAMOA.

6.      At all relevant times mentioned herein, MAERSK A/S, ("MAERSK") was and is a foreign corporation registered in Denmark with its principal place of business at Esplanaden 50, 1263 Copenhagen K, Denmark and an office located at 180 Park Avenue, Building 105, Florham Park, New Jersey, 07932.

7.      At all relevant times mentioned herein, MAERSK leased, operated, managed and controlled the Vessel.

8.      At all relevant times mentioned herein, Defendant MSC MEDITERRANEAN SHIPPING CO., S.A. ("MSC") was and is a foreign corporation registered in Switzerland with an office located at 420 Fifth Avenue, 8th Floor, New York, New York, 10018, and was and is engaged in business as a vessel operating common carrier ("VOCC").

9.      Hereinafter, JIAMOA, MAERSK, and MSC, collectively, are referred to as the "Carrier Defendants."

E618

## FACTS

10.     DE WELL is a non-vessel operating common carrier ("NVOCC") that organizes shipments on behalf of its customer businesses for the purpose of arranging for the transportation of those goods from one location to another location, including from Asia to the United States.

11.     DE WELL acts as an intermediary in the transportation of goods and contracts with vessel operating common carriers ("VOCC") like MSC to physically move the goods upon the oceans and land-based transportation carriers for all other shipments movements.

12.     DE WELL contracted with MSC, as VOCC, to arrange for the actual transport of the shipments packed in the containers described in Schedule A aboard the Vessel.

13.     On or about the dates and the ports of Shipments stated in Schedule A (the "Shipments"), each of the Shipments was tendered on board the M/V MAERSK ESSEN.

14.     On or about January 16, 2021, during the voyage across the Pacific Ocean towards the United States of America, the Vessel rolled and the Shipments and containers described in Schedule A went overboard or were otherwise damaged.

## FIRST CAUSE OF ACTION
### (Indemnification and/or Contribution)

15.     DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 14, inclusive, with the same force and effect as if fully set forth herein.

16.     On or about the dates stated in Schedule A, DE WELL entered into one or more contracts with the Carrier Defendants pursuant to which the Carrier Defendants would properly and carefully load, stow, secure, and transport the Shipments from the ports of loading to the ports of discharge.  In addition, the Carrier Defendants were to ensure that any carrier utilized on the DE WELL Shipments was reputable and carried the requisite licensure and insurance.

E618

17.     DE WELL's bill of ladings and service agreements with the Carrier Defendants constituted valid and binding contracts under the law.

18.     If it is determined that DE WELL's customer's Shipments were damaged and/or lost, which is denied, as and for DE WELL's opposition to its customers claims only, and it is determined that DE WELL is responsible for said losses and/or damages as NVOCC, these said losses and/or damages were due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct of one or more of the Carrier Defendants acting as VOCC and/or otherwise.

19.     The alleged damage to or loss of the Shipments was not caused or contributed to by any act, omission, fault, or neglect on the part of DE WELL, or its customers, its agents, servants, or employees or by that of its customer.

20.     By reason of the alleged damage to or loss of the Shipments, DE WELL and its customers have suffered damages and exposure to claims, including damage to or loss of Shipments.

21.     If it is determined that DE WELL is responsible for the alleged damage or loss of its customers Shipments and/or any other losses of any nature whatsoever, then, all of DE WELL's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of the Carrier Defendants and/or its agents acting on its behalf, including as NVOCC, without any fault of DE WELL or its agents contributing thereto; and therefore, the Carrier Defendants should be held jointly and severally liable to DE WELL for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of all claims.

E618

22.     In the event that DE WELL is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the damage to the Shipments, said liability being expressly denied by DE WELL, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of the Carrier Defendants, or its officers, agents, servants, and employees and, therefore, DE WELL should be granted full recovery over and against, and be indemnified by, or secure contribution from the Carrier Defendants for all sums so recovered against DE WELL, including attorneys' fees, expenses, interest, and costs.

## SECOND CAUSE OF ACTION
### (Breach of Contract and of Duties under COGSA, 46 U.S.C. § 30701)

23.     DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 22, inclusive, with the same force and effect as if fully set forth herein.

24.     The Carrier Defendants' duties included those of a vessel operating common carrier in accordance with the COGSA §4(5), Ch. 229, 49 Stat. 1207 (1936), reprinted in note following 46 U.S.C. § 30701.

25.     In consideration for specified fees and charges, the Carrier Defendants, who were aware of the nature of the Shipments, contracted to carry the Shipments from the place of receipt at the ports of loading to the place of delivery at the ports of discharge as stated in Schedule A, and to provide other transportation-related services including, but not limited to the receipt, loading, stowage, and containerization of the Shipments.

26.     The Shipments were in good order and condition when it was tendered to the Carrier Defendants or entities acting on its behalf, at the ports of loading as stated in Schedule A.

E618

27.     As stated in Schedule A, the Carrier Defendants, or entities acting on its behalf, loaded and stowed the Shipments at or near the place of receipt at the ports of loading and clean bills of lading were issued.

28.     At some time and location during the voyage across the Pacific Ocean to the United States, while the Shipments were aboard the Vessel, the Shipments were allegedly damaged and/or lost at sea.

29.     The alleged aforesaid damage was caused by the Carrier Defendants' breaches of contract and duties under COGSA and the general maritime law as well as the Carrier Defendants' negligent failure to properly load, stow, carry, protect, store, care for, and deliver the Shipments and the unseaworthiness of the carrying vessel and container.

30.     As a proximate result of the foregoing, DE WELL, and those on whose behalf it brings suit, has sustained damages in the approximate amount of $366,412.81, no part of which has been paid although duly demanded.

31.     Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in the Shipments and/or in this action.

## THIRD CAUSE OF ACTION
### (Breach of Warranties and Nondelegable Cargoworthiness Duties)

32.     DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 31, inclusive, with the same force and effect as if fully set forth herein.

33.     The carrying Vessel was at all material times an ocean-going containership with fixed cell guides and was designed to carry Shipments in truck-size intermodal containers, including those requiring electric power for temperature control which serve as extensions of the holds of the vessel.

E618

34.     The Carrier Defendants' statutory duties, contractual obligations, and warranties under the general maritime law included the nondelegable duty to provide a seaworthy and cargoworthy ocean shipping container fit in every respect to carry the Shipments which the Carrier Defendants contracted to transport.

35.     The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, and stowage of the Container on board the Vessel while the Container was in their custody and control.

36.     The Carrier Defendants, or entities acting on their behalf, was also responsible for the pre-trip receipt, inspection, and preparation of the Container.

37.     If it is determined that the Shipments was/were damaged during carriage, the damage is a result of the Carrier Defendants' failures.

38.     The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, stowage, and operation of the Vessel while the Container was in their custody and control.

39.     The Carrier Defendants, or entities acting on their behalf, was also responsible for the pre-trip receipt, inspection, and preparation of the Vessel for the ocean voyage.

40.     If it is determined that the Shipments was damaged during carriage onboard the Vessel, the damage is a result of the Carrier Defendants' failure in making the Vessel seaworthy prior to the voyage.

41.     The alleged damage was caused in whole or in part by the mishandling by MSC, or entities acting on its behalf, during the subject multimodal transportation.

E618

42.     Accordingly, the Carrier Defendants are liable to DE WELL as a result of their breaches the nondelegable duties owed and breaches of warranties with respect to the Shipments and the Container.

43.     As proximate result of the foregoing, DE WELL, and those on whose behalf it sues, has sustained damages in the approximate amount of $366,412.81, no part of which has been paid although duly demanded.

## FOURTH CAUSE OF ACTION
### (General Negligence)

44.     DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 43, inclusive, with the same force and effect as if fully set forth herein.

45.     The alleged damage to or loss of the Shipments was caused in whole, or in part, by the Carrier Defendants' failure to properly care for, communicate and carry out all relevant instructions concerning the transport of DE WELL's Shipments to the actual carriers of the Shipments.

46.     The alleged damage to the Shipments was due to the want of due care, design, neglect, fault, privity, negligence, gross negligence, willful, wanton, and reckless misconduct of the Carrier Defendants.  Said conduct includes, but is not limited to, handling of the Shipments, which caused and/or contributed to the alleged damage to or loss of the Shipments and the resulting damage to DE WELL.

47.     If it is determined that the Shipments was damaged or lost, the resulting losses, damages, and expenses aforesaid were directly caused or attributable to the aforesaid failures of the Carrier Defendants and, therefore, the Carrier Defendants should be held liable to all parties who have made claims against DE WELL in this litigation.

E618

48.     As proximate result of the foregoing, DE WELL, and those on whose behalf it sues, has sustained damages in the approximate amount of $366,412.81, no part of which has been paid although duly demanded.

### FIFTH CAUSE OF ACTION
**(Claim for Liability to Customers)**

49.     DE WELL reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 48, inclusive, with the same force and effect as if fully set forth herein.

50.     As stated in Schedule A, the shippers, consignees, or owners of the Shipments shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

51.     As stated in Schedule A, DE WELL was the NVOCC of the goods shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

52.     The Shipments were delivered by DE WELL's customers and DE WELL, as NVOCC, in actual good order and condition to MSC.

53.     At the time Carrier Defendants either made delivery of or should have made delivery of the Shipments to DE WELL's customers, the Shipments were either not delivered or damaged.

54.     As a result of Carrier Defendants' failure to redeliver DE WELL's customer's Shipments in the same good order and condition as received by them, said Carrier Defendants are liable to DE WELL's customers for their full losses in the approximate amount of $366,412.81.

**WHEREFORE**, Plaintiff DE WELL prays that:

1.     Judgment be entered in favor of DE WELL as against the Carrier Defendants, jointly and severally, on these claims and dismissing all claims whatsoever against DE WELL;

2.      The Carrier Defendants are found to be liable for indemnity to DE WELL and for all such sums for which DE WELL may be found liable as a result of any claims, including attorneys' fees, interest, costs, and disbursements;

3.      Judgment be entered in favor of DE WELL as against the Carrier Defendants for contribution toward any losses or damages suffered by DE WELL as a result of any claims recovered against DE WELL, including legal fees and disbursements incurred in defense of claims;

4.      Judgment be entered in DE WELL's favor as against the Carrier Defendants in the approximate sum of $366,412.81, together for the loss of DE WELL's customers' Shipments, plus interest and costs; and

5.      Judgment be entered in favor of DE WELL for such other and further relief as this Court deems just and proper.

Dated:    January 14, 2022
          New York, New York

GIULIANO MCDONNELL & PERRONE, LLP
*Attorneys for Plaintiff*
*DE WELL CONTAINER SHIPPING, INC.*

Joseph J. Perrone, Esq.
Ari S. Gatoff, Esq.
5 Penn Plaza, 23rd Floor
New York, New York 10001
Telephone:    (646) 328-0120
Facsimile:    (646) 328-0121
Email:        jperrone@gmplawfirm.com
Email:        agatoff@gmplawfirm.com

TO:    All Counsel of Record, via the Court's CM/ECF system.

E618

## SCHEDULE A
## MSC

Schedule A consists of DE WELL's claims on behalf of its customers against VOCC MSC.

### Claim A1

| | |
|---|---|
| Shipper: | MINHOU MINXING WEAVING CO., LTD. |
| Shipper Address: | FUJIAN, CHINA |
| Customer: | UMA ENTERPRISES, INC. |
| Customer Address: | COMPTON, CALIFORNIA |
| Consignee: | UMA ENTERPRISES, INC. |
| Consignee Address: | COMPTON, CALIFORNIA |
| Description of Goods: | METAL AND WOODEN PRODUCTS |
| Container Status: | OVERBOARD |
| Port of Loading: | FUZHOU, CHINA |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $261,747.17[1] |
| VOCC Bill of Lading: | MEDUFU248813 |
| Container No.: | DFSU7789804 |
| Bill of Lading Date: | 12/22/2020 |

### Claim A2

| | |
|---|---|
| Shipper: | MINHOU MINXING WEAVING CO., LTD. |
| Shipper Address: | FUJIAN, CHINA |
| Customer: | UMA ENTERPRISES, INC. |
| Customer Address: | COMPTON, CALIFORNIA |
| Consignee: | UMA ENTERPRISES, INC. |
| Consignee Address: | COMPTON, CALIFORNIA |
| Description of Goods: | METAL AND WOODEN PRODUCTS |
| Container Status: | OVERBOARD |
| Port of Loading: | FUZHOU, CHINA |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $261,747.17 |
| VOCC Bill of Lading: | MEDUFU248813 |
| Container No.: | MEDU7252199 |
| Bill of Lading Date: | 12/22/2020 |

(continued on next page)

---

[1] This figure represents the combined amount of loss for Claim A1 and Claim A2.

**Claim A3**

| | |
|---|---|
| Shipper: | TAIR JIUH ENTERPRISE CO., LTD. |
| Shipper Address: | TAINAN CITY, TAIWAN |
| DE WELL'S Customer: | CTS GLOBAL SUPPLY CHAIN SOLUTIONS |
| DE WELL'S Customer's Address: | ROSEDALE, NEW YORK |
| Sub-NVOCC Bill of Lading: | XMSE20122112 |
| Customer: | PIXI INC. |
| Customer Address: | LOS ANGELES, CALIFORNIA |
| Consignee: | PIXI INC. |
| Consignee Address: | LOS ANGELES, CALIFORNIA |
| Description of Goods: | COSMETICS |
| Container Status: | OVERBOARD |
| Port of Loading: | FUZHOU, CHINA |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $104,665.64 |
| VOCC Bill of Lading: | MEDUFU255529 |
| Container No.: | TTNU5167703 |
| Bill of Lading Date: | 12/22/2020 |